JOHN J. HAYES, Respondent, *v.* MARGARET VAN GELDER, Appellant.

First Department, March 6, 1931.

*Sol Gelb* of counsel [*Sansone & Gelb*, attorneys], for the appellant.

*Max J. Etra*, for the respondent.

McAVOY, J. The defendant is charged with having composed and published a libelous affidavit which charged the plaintiff with using insulting and abusive language to her and conducting himself in a boisterous and ungentlemanly manner in her presence, and accosting and touching her shoulder with his shoulder and threatening to push her from her position on the floor of an apartment house down the stairs, accompanying such conduct with abusive language, which is set out, and which, used in the presence of a woman, is undoubtedly conduct which would be unbecoming a gentleman.

It is further alleged that the speech and conduct of the plaintiff at the time were such as to arouse in her a fear that plaintiff would use physical force to accomplish his purpose, and that such conduct caused the defendant to suffer humiliation, mortification and mental stress, and that the acts so performed were without provocation on the part of the defendant. This likewise is a charge of unbecoming behavior in a superior officer of a department of government.

The plaintiff is a member of the fire department of the city of New York and an officer thereof, and the conduct described and the language charged to have been used indicated that plaintiff was guilty of conduct for which he might be brought to trial by his superior officers and, if convicted, dismissed from the service of the fire department.

That the charge was intended to affect the plaintiff in his office is established according to the allegations of the complaint by the fact that the defendant did publish the libelous matter by mailing the same to the fire commissioner of the city of New York, plaintiff's immediate superior. It is alleged, too, that such publication resulted in an investigation of the plaintiff's personal character by the plaintiff's superior officers in the fire department, and that this caused him damage in his office as captain of the fire department of the city of New York.

We think that a charge so contained in an affidavit intending to bring about disciplinary punishment on the part of the plaintiff's superior officers, and which would, in the normal course of events, result in affecting him in his capacity as such officer, tends to charge the plaintiff with an unbecoming act which would expose him to contempt, ridicule or disgrace.

The offense charged is one commonly regarded as an act and behavior not committed by a person conducting himself properly in organized society and among civilized people, and reflects upon his character in such wise as to expose him to ridicule and disgrace. Any accusation of conduct which would import a disgraceful charge is libelous *per se*. A charge which would warrant the removal from office of a public officer must be considered as one which in common speech would be regarded as disgraceful, and could thus affect him in his official capacity.

We think that the allegations are sufficient to support an action for libel, are libelous *per se*, and that it is not necessary to allege special damage.

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within ten days upon payment of said costs.

DOWLING, P. J., and O'MALLEY, J., concur; MARTIN and SHERMAN, JJ., dissent.

SHERMAN, J. (dissenting). Plaintiff, a captain in the New York city fire department, alleges that defendant sent to his superior officer an affidavit to the effect that plaintiff, when not on duty, happening to meet defendant in an apartment house, used abusive language and came close to her, causing her to fear lest he push her down stairs. Plaintiff is stated to have said to her: " Get the hell down stairs where you belong. What the hell business have you got up here? " In the affidavit she characterized such conduct as " unbecoming an officer of the fire department."

No allegation of special damage is found in the complaint. The question is whether the language used by defendant in the affidavit

is libelous *per se.* Do the words impute the commission of any reprehensible offense against society or conduct reflecting upon his character which would expose him to probable loss in his office, business or profession? (*O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352; *Crashley* v. *Press Publishing Co.,* 179 id. 27.)

Plaintiff rests his case on the latter ground, asserting that a charge of conduct unbecoming an officer of the fire department might, if substantiated, have brought about his dismissal from office. There is no claim that such a result was reached.

Upon the occasion referred to in the affidavit, plaintiff was not on duty. The conduct and language ascribed to him is to be regarded as ungentlemanly. How far the fire department requires its officers, while at leisure, to observe courtesy and conform their behavior to proper standards of politeness and good breeding does not appear. Nor is it apparent that such conduct during plaintiff's hours of relaxation would affect his efficiency as a fireman. Plaintiff's occupation is not that of a teacher of etiquette. His calling is that of a fireman, which does not require that he be held at all times to the practice of Chesterfieldian standards of courtesy.

Plaintiff's employment does not depend on the gentility of his conduct or the excellence of his manners while off duty. He might be and doubtless is an excellent fireman, despite the showing of boorishness or lack of courtesy during the period of his freedom from service. Not manners, but courage, intelligence, leadership as a captain of his men, skillfulness and fidelity in the performance of his duties, are the attributes which must mark plaintiff in his occupation. In none of these respects has he been assailed. The language claimed to be libelous does not carry any reflection upon his honesty, good character or ability to perform properly the duties of his position.

As stated in Odgers on Libel and Slander ([6th ed.] p. 46): " Where integrity and ability are essential to the due conduct of plaintiff's office or profession, words impugning his integrity or ability are clearly actionable; for they then imply that he is unfit to continue therein. But words, which merely charge the plaintiff with some misconduct outside his office or not connected with his special profession or trade, will not be actionable."

No special damage having been pleaded, the order should be reversed and the complaint dismissed.

MARTIN, J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within ten days from service of order upon payment of said costs.